United States Bankruptcy Court

Eastern District of Pennsylvania

In re:

Frantz Clairizier

    Debtor

Case No. 25-10552-djb

Chapter 13

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Mar 06, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 08, 2026:**

**Recip ID**    **Recipient Name and Address**
db    + Frantz Clairizier, 4208 Hellerman Street, Philadelphia, PA 19135-2606

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2026    Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 6, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| MATTHEW K. FISSEL | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com |
| PAUL H. YOUNG | on behalf of Debtor Frantz Clairizier support@ymalaw.com ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com ,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2                          User: admin                                    Page 2 of 2

Date Rcvd: Mar 06, 2026                       Form ID: pdf900                         Total Noticed: 1

TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Frantz Clairizier aka Frantz Clairisier <br> Debtor | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC <br> Moving Party <br> vs. | NO. 25-10552 DJB |
| Frantz Clairizier aka Frantz Clairisier <br> Debtor | |
| Kenneth E. West <br> Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor inadvertently withdrew their Objection to the Certification of Default on February 4, 2026 and the Parties agree that the Order granting the Motion for Relief from Stay entered on February 9, 2026 should be vacated.

2. As of February 3, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$7,045.22**. Post-petition funds received after February 3, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments: August 2025 through February 2026 at $1,006.46 each
**Total Post-Petition Arrears:** **$7,045.22**

3. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,045.22**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,045.22** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4. Beginning with the payment due **March 2026** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,223.05** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6.      In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4) is waived.

7.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

8.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.     The parties agree that a facsimile signature shall be considered an original signature.

Date:   February 3, 2026                    /s/ Matthew Fissel_____
                                            Matthew Fissel, Esq.
                                            Attorney for Movant


Date: 2/16/26_____                         _____
                                            Paul H. Young, Esq.
                                            Attorney for Debtor

                                            No Objection – Without Prejudice to Any Trustee Rights or Remedies

        3/5/26
Date:_____                        /s/ Kenneth E. West
                                            _____
                                            Kenneth E. West
                                            Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2026.  However, the Court
retains discretion regarding entry of any further order.

_____

Bankruptcy Judge
Derek J. Baker

**Date: March 6, 2026**